UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TROY A. CALLAHAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00122 RHH |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's third motion for appointment of counsel. Petitioner, who is currently incarcerated at Southeast Correctional Center, seeks to have a public defender appointed on his behalf due to his incarceration and because of his poverty.

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that the "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for

habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After considering Petitioner's third motion for appointment of counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time.  In addition, the pleadings filed by Troy Callahan indicate that he is capable of presenting the facts and legal issues without the assistance of counsel.  Petitioner's third motion for appointment of counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's third motion for appointment of counsel (ECF No. 15) is **DENIED without prejudice.**

Dated this 15th day of January, 2025.

                                                RODNEY H. HOLMES
                                                UNITED STATES MAGISTRATE JUDGE